JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-CV-07300-RGK-MAR | **Date** | June 30, 2022 |
|---|---|---|---|
| Title | *LARRY DUNN v. 5850 WASHINGTON, LLC et al* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment [DE19]**

## I.      INTRODUCTION

On September 13, 2021, Larry Dunn ("Plaintiff") filed a Complaint against 5850 Washington, LLC ("Defendant"). Plaintiff alleges the following claims: (1) violation of the Americans with Disabilities Act ("ADA"); (2) violation of California's Unruh Civil Rights Act; (3) violation of California's Disabled Person's Act; (4) California Health and Safety Code; and (5) negligence. On October 3, 2021, the Court declined supplemental jurisdiction and dismissed Plaintiff's state law claims, leaving only the ADA claim at issue.

Defendant failed to answer the Complaint, and on April 27, 2022, the Clerk of the Court entered default. Currently before the Court is Plaintiff's Motion for Default Judgment. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.      FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Plaintiff is quadriplegic. (Compl. ¶ 1.) Defendant owns a grocery store located at 5850 Washington Blvd., Culver City, California ("the Business"). The store is a place of public accommodation (*Id.* ¶ 12.) In July 2021, Plaintiff visited the Business and encountered barriers that interfered with Plaintiff's ability to use and enjoy the goods, services, privileges, and accommodations offered by the Business. (*Id.* ¶ 12.)

Specifically, Defendant failed to provide any parking space designated for persons with disabilities; failed to provide the parking space identification sign with the international Symbol of Accessibility; failed to post required signage such as "Van Accessible," "Minimum Fine $250," and

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-CV-07300-RGK-MAR | **Date** | June 30, 2022 |
|---|---|---|---|
| Title | *LARRY DUNN v. 5850 WASHINGTON, LLC et al* | | |

"Unauthorized Parking." (*Id.* ¶ 13.)

## III.    JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(a) allows a court to enter a default judgment if a party has failed to plead or otherwise defend a case, and the clerk has entered default. Fed. R. Civ. P. 55(a). An applicant may seek a clerk-ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the applicant must apply for a court-order default judgment. *Id.* at 55(b)(2).

Local Rule 55-1 requires the court-ordered default judgment application to include: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L. R. 55-1.

Furthermore, an entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924–25 (9th Cir. 1986). Rather, it is within the court's discretion to grant or deny a default judgment. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors (collectively, the "*Eitel* factors"): (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72; *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Lastly, for the purposes of default judgment, all well-pleaded factual allegations from the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## IV.    DISCUSSION

Plaintiff argues that he has satisfied the procedural requirements of Rule 55 and is entitled to default judgment against Defendant. Plaintiff also argues he should be awarded reasonable attorneys' fees and costs in the amount of $2,527.00.  The Court disagrees.

### A.    The Procedural Requirements

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-CV-07300-RGK-MAR | **Date** | June 30, 2022 |
|---|---|---|---|
| Title | ***LARRY DUNN v. 5850 WASHINGTON, LLC et al*** | | |

The required procedures described under Local Rule 55-1 and Rule 55 have been satisfied. The Clerk entered default against Defendant on January 20, 2022. Defendant is not an "infant or incompetent person," or exempted by the Servicemembers Civil Relief Act. Plaintiff does not seek judgment different in kind or amount from that demanded in the Complaint. Moreover, notice pursuant to Rule 55(b)(2) is not required because Defendant has not appeared in this action.

### B.     The *Eitel* Factor Analysis

The first and second *Eitel* factors analyze the substantive merits of Plaintiff's claim and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. To warrant default judgment, the allegations in the complaint must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). However, Defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d at 1072, 1078 (C.D. Cal. 2012).

To state a claim under Title III of the ADA, Plaintiff must allege "(1) the plaintiff is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the barriers affecting plaintiff's disability within defendant's place of accommodation barred the plaintiff from full enjoyment of the facility." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021). Prohibited discrimination under the ADA includes "the failure to remove architectural barriers . . . in existing facilities . . . where such removal is *readily* achievable." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (internal quotations omitted) (emphasis in original). Removal of a barrier is "readily achievable" when it is "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* (internal quotations omitted). Plaintiff bears the initial burden of "plausibly showing that the cost of removing [an] architectural barrier at issue does not exceed the benefits under the circumstances." *Id.* at 1038; *see also Koo v. 210 E. Main*, 2021 U.S. Dist. LEXIS 253481, at *12–13 (C.D. Cal. Nov. 24, 2021) (applying the "plausibly shown" test to a motion for default judgment).

Here, Plaintiff satisfactorily alleges that he is disabled within the meaning of the ADA and that the Business is a place of public accommodation. However, Plaintiff fails to meet his burden of demonstrating that insufficient signage and other barriers at Defendant's Business constitutes discrimination under the ADA.

First, Plaintiff fails to demonstrate how the insufficient signage prevented him from accessing Defendant's Business. Plaintiff merely indicates that he "has been and will continue to be discriminated against due to the lack of accessible facilities. . . ." (Compl. ¶ 31.) "If the sole problem is that the disabled parking signage and markings are insufficient, but the lack of signage did not somehow prevent . . . Plaintiff from accessing the business, then . . . Plaintiff has not actually encountered an access

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-CV-07300-RGK-MAR | **Date** | June 30, 2022 |
|---|---|---|---|
| Title | ***LARRY DUNN v. 5850 WASHINGTON, LLC et al*** | | |

barrier, has not been denied full and equal access, and has not been denied accommodation." *Soto v. Gary*, 2022 U.S. Dist. LEXIS 6478, at *6 (C.D. Cal. Jan. 12, 2022).

Second, Plaintiff has not plausibly shown that removal of these architectural barriers was readily achievable, beyond stating that Defendant has "the financial resources to remove these barriers without much difficulty or expense." (FAC ¶ 17.) Such conclusory allegations are "patently insufficient." *Lopez*, 974 F.3d at 1039 (finding that the "plausibly shown" test is not satisfied where a plaintiff fails to explain the scope, cost, and overriding benefit of removing an alleged barrier); *see also Koo*, 2021 U.S. Dist. LEXIS 253481 at *7–8 (finding that a plaintiff fails the "plausibly shown" test where they conclusively assert defendant has "the financial resources to remove these barriers without much difficulty or expense").

Because Plaintiff fails to meet his burden with respect to the substantive merits and the sufficiency of the complaint, the Court denies the motion for default judgment and dismisses the ADA claim without addressing the remaining *Eitel* factors.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment, and **DISMISSES** the action in its entirety.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    jre/v